UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>MERCURY MARKETING, LLC, et al.,<br><br>      Defendants. | Case No. 1:25-cv-02021-MJM<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF AGAINST JENNIFER RUSS AND JLUX CONSULTING LLC** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(1)(A), 12, 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A), 52, 53(b), and 57b, and Section 8023 of the Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 U.S.C. § 45d.  Defendants have waived service of the summons and the Complaint.  The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The Complaint charges that Defendants participated in deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52, and

1

       Section 8023 of OARFPA, 15 U.S.C. § 45d, in connection with the advertising of Substance Use Disorder Treatment Services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for the purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

    1. **"Corporate Defendant"** means JLux Consulting LLC, and its successors and assigns.

    2. **"Individual Defendant"** means Jennifer Russ.

B. **"SUD"** means substance use disorder.

C. **"SUD Treatment Service"** means a service that purports to provide treatment, referrals to treatment, or recovery housing for people diagnosed with, having, or purporting to have a substance use disorder.

**ORDER**

**I.    BAN ON THE ADVERTISING, MARKETING, PROMOTION, OFFERING FOR SALE, OR SALE OF SUD TREATMENT SERVICES**

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from participating, whether directly or through an intermediary, in the advertising, marketing, promotion, offering for sale, or sale of SUD Treatment Services.

**II.    PROHIBITIONS AGAINST MISREPRESENTATIONS**

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale of any product, program, or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting any other fact material to consumers concerning such product, program, or service, including, but not limited to, the total costs; any material restrictions, limitations, or conditions; or any material aspect of their performance, efficacy, nature, or central characteristics.

**III.    CIVIL PENALTY JUDGMENT**

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $1,000,000 is entered in favor of the Commission against Individual Defendant Jennifer Russ and Corporate Defendant JLux Consulting LLC, jointly and severally, as a civil penalty.

B.    Defendants Jennifer Russ and JLux Consulting LLC are ordered to pay to the Commission $13,000, by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission upon the Court's issuance of this Order. Such payment must be made within 180 days of entry of this Order. Upon such payment, the remainder of the

judgment is suspended, subject to the Subsections below.

C. In the event Defendants fail to pay $13,000 within 180 days of entry of this Order, Defendants shall be in default and the full amount of the judgment in Subsection A shall immediately become due, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order. *Provided, however,* that in the event of default, the judgment amount set forth in Subsection A shall not become due if Defendants cure such default within 14 days.

D. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Jennifer Russ signed on August 26, 2024, including the attachments; and

2. the Financial Statement of Corporate Defendant JLux Consulting LLC signed by Jennifer Russ, Owner, on August 26, 2024, including the attachments.

E. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for the purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section,

4

plus interest computed from the date of entry of this Order.

IV.   **ADDITIONAL MONETARY PROVISIONS**

**IT IS FURTHER ORDERED** that:

A.   Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.   The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.   Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D.   Each Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

V.   **CONSUMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.   disclosing, using, or benefitting from information concerning any person seeking

SUD treatment or on whose behalf such treatment was sought, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to such person's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

B.	failing to destroy such information in all forms in their possession, custody, or control within 30 days after entry of this Order.

*Provided, however*, that the foregoing information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.	COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII.	ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.	Each Defendant, within 7 days of entry of this Order, must submit to the

6

Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, Individual Defendant, for any business that Individual Defendant, individually or collectively with any other Defendant, is the majority owner of or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone

numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.  Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

        2.      Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

    C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

    D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. JLux Consulting LLC and Jennifer Russ, Matter No. X250034.

## IX.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate

Defendant in connection with the promoting or offering for sale of any product, program, or service and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each unique advertisement or other marketing material.

## X.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate

directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED** this __24th__ day of __September__, 2025.

/S/
HON. MATTHEW J. MADDOX
UNITED STATES DISTRICT JUDGE

FEDERAL TRADE COMMISSION

_____  Date: September 5, 2025
ELIZABETH JONES SANGER
STACY N. CAMMARANO
ROBERT VAN SOMEREN GREVE
TIFFANY M. WOO
Attorneys, Division of Advertising Practices
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
Tel: 202-326-2757, -3308, -2523 -3583
Fax: 202-326-3259
esanger@ftc.gov
scammarano@ftc.gov
rvansomerengreve@ftc.gov
twoo@ftc.gov


**FOR DEFENDANTS:**

_____  Date: July 11, 2025
ETHAN SCOTT LAURENT, ESQ.
Laurent Law Group, PLLC
2000 Mallory Lane
Suite 130-743
Franklin, TN 37067
scott@laurentlawgroup.com
COUNSEL for Jennifer Russ and JLux Consulting LLC


**DEFENDANTS: Jennifer Russ and JLux Consulting LLC**

_____  Date: July 9, 2025
Jennifer Russ
INDIVIDUALLY AND AS SOLE MEMBER OF JLUX CONSULTING LLC