UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. 1:25-cv-02021-MJM |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF AGAINST BEHAVIORAL HEALTHCARE GROUP OF AMERICA, LLC, JHEL HOLDINGS, LLC, MALIBU DETOX, LLC, AND ROBBY STEMPLER** |
| MERCURY MARKETING, LLC, et al., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint

for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a

permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections

5(m)(1)(A), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§

45(m)(1)(A), 53(b), and 57b, and Section 8023 of the Opioid Addiction Recovery Fraud

Prevention Act of 2018 ("OARFPA"), 15 U.S.C. § 45d.  The Commission and Settling

Defendants Behavioral Healthcare Group of America, LLC, JHEL Holdings, LLC, Malibu

Detox, LLC, and Robby Stempler stipulate to the entry of this Stipulated Order for Permanent

Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute

in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.     The Complaint charges that Settling Defendants participated in deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52, and Section 8023 of OARFPA, 15 U.S.C. § 45d, in connection with the advertising of Substance Use Disorder Treatment Services.

3.     Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for the purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.     Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.     "**Defendants**" means Mercury Marketing, LLC, Behavioral Healthcare Group of America, LLC, JLux Consulting LLC, Malibu Detox, LLC, Malibu Recovery Center, LLC, Aliya Health Group, LLC, Fennaside, LLC, JHEL Holdings, LLC, Christopher LiVolsi, Dennis Rinker, Robby Stempler, and Jennifer Russ, individually, collectively, or in any combination.

B.     "**Settling Defendants**" means the Settling Individual Defendant and the Settling Corporate Defendants, individually, collectively, or in any combination.

1.     "**Settling Corporate Defendants**" means Behavioral Healthcare Group of America, LLC, JHEL Holdings, LLC, and Malibu Detox,

2

LLC, and their successors and assigns.

2.  "**Settling Individual Defendant**" means Robby Stempler.

C.  "**Lead Generator**" means any person or entity other than Settling Defendants that (1) uses marketing techniques to identify or attract consumer interest in a third party's product or service; (2) obtains information from or about an individual consumer for the third party's product or service; and (3) provides any such consumer information to the third party.

D.  "**Search Ad**" means any advertisement generated in response to online search queries.

E.  "**SUD**" means substance use disorder.

F.  "**SUD Treatment Service**" means a service that purports to provide treatment, referrals to treatment, or recovery housing for people diagnosed with, having, or purporting to have a SUD.

G.  "**Third-Party SUD Treatment Service**" means any SUD Treatment Service other than the SUD Treatment Service on behalf of which an advertisement or promotion is placed or disseminated.

## ORDER

## I.    PROHIBITION AGAINST IMPERSONATIONS

**IT IS ORDERED** that Settling Defendants, Settling Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale of any good or service, are permanently restrained and enjoined from:

A.    Materially and falsely posing as, or assisting others in materially and falsely posing as, directly or by implication, a business or officer thereof; or

B.    Materially misrepresenting, or assisting others in materially misrepresenting, directly or by implication, affiliation with, including endorsement or sponsorship by, a business or officer thereof.

## II.    ADDITIONAL PROHIBITIONS IN CONNECTION WITH THE MARKETING OF SUD TREATMENT SERVICES

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale of any SUD Treatment Service, are permanently restrained and enjoined from:

A.    Using the name of any Third-Party SUD Treatment Service in any Search Ad for facility-based SUD Treatment Service(s);

B.    Misrepresenting in any advertisement, including through the use of any name, logo, photograph, actual or display URL, website or webpage, or telephone number, that such advertisement is from or sponsored by any Third-Party SUD Treatment Service;

C.    Misrepresenting that:

    1.  The telephone number in a Search Ad is the telephone number of a Third-Party SUD Treatment Service; or

    2.  Consumers who click-to-call or dial the telephone number displayed in a Search Ad will reach a Third-Party SUD Treatment Service;

D.    Misrepresenting affiliations with any Third-Party SUD Treatment Service;

E.    Misrepresenting the basis upon which any particular SUD Treatment Service is being recommended for any individual, including, but not limited to, misrepresenting that the recommendation is based on an independent assessment by clinical professionals in the field of addiction treatment of the patient's individual history and consideration of multiple treatment options; or

F.    Misrepresenting any other fact material to consumers concerning any SUD Treatment Service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of their performance, efficacy, nature, or central characteristics.

## III.    TELEMARKETING COMPLIANCE

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any facility-based SUD Treatment Service, are permanently restrained and enjoined from marketing such services over the telephone, unless, within 60 days of entry of this Order, they establish, implement, and thereafter maintain policies and practices that are reasonably designed to ensure that Settling Defendants or their agents do not misrepresent, directly or by implication, who they work for.  Relevant policies must be in writing and must include at a minimum and without limitation:

A.    Requiring any person making or answering telephone calls with consumers on any Settling Defendant's behalf concerning facility-based SUD Treatment Services to begin all conversations with any consumer by immediately

identifying, in a clear and conspicuous manner, that they work for the Settling Defendant;

B.    Requiring any person making or answering telephone calls with consumers on any Settling Defendant's behalf concerning facility-based SUD Treatment Services to disclose, in a clear and conspicuous manner, in response to any question from a consumer about who the consumer is speaking to or whether they have reached a specific SUD Treatment Service, which SUD Treatment Service the consumer has contacted and that they work for the Settling Defendant;

C.    Requiring any person making or answering telephone calls with consumers concerning facility-based SUD Treatment Services on any Settling Defendant's behalf to enter into a written agreement promising that they will comply with Sections I, II, III, and IV of this Order;

D.    Actively and regularly monitoring any call centers owned, operated, or retained by the Settling Defendants to ensure compliance with the policies and practices implemented pursuant to this Section.  Such monitoring must include listening, on no less than a monthly basis, to a random sample of no fewer than 20 calls for each call center agent making or answering calls to or from consumers concerning facility-based SUD Treatment Services.  It also includes informing any such agents of and documenting any violation of Sections I, II, III, or IV of this Order;

E.    For any call center agent employed by a call center owned or operated by Settling Defendants, promptly taking appropriate disciplinary action upon

determining that any employee or agent has acted in violation of the policies and practices required under Sections I, II, III, and IV of this Order.  Such disciplinary action must include terminating the employment or services of any employee or agent who has more than two documented instances of violations; and

F.  For any call center retained by Settling Defendants, promptly terminating the agreement pursuant to which call center services are provided to Settling Defendants, upon determining that any agent employed by the call center has acted in violation of the policies and practices required under Sections I, II, III, and IV of this Order.

## IV.  SUD LEAD GENERATOR ASSESSMENT PROGRAM

**IT IS FURTHER ORDERED** that Settling Defendants, before entering into an agreement to obtain consumer information from a Lead Generator or from a third party that uses the services of a Lead Generator, must implement a "Lead Generator Assessment Program" that ensures that any leads for facility-based SUD Treatment Services obtained directly or indirectly from a Lead Generator were generated in compliance with the terms of this Order.  In connection with this Lead Generator Assessment Program, Settling Defendants must, at a minimum and without limitation:

A.  Document in writing the content, implementation, and maintenance of the Lead Generator Assessment Program;

B.  Conduct an initial assessment within 30 days of entering into any agreement to obtain leads for facility-based SUD Treatment Services, and thereafter annually, to confirm that the Lead Generator maintains and enforces policies and practices

7

to inform consumers of the identity of the lead recipient prior to transferring consumers' information to Settling Defendants;

C.    Maintain records of Lead Generators' assessment responses obtained by Settling Defendants under the Lead Generator Assessment Program; and

D.    Upon determining that a Lead Generator fails to maintain and enforce policies and practices to inform consumers of the identity of the lead recipient prior to transferring the consumers' information to Settling Defendants, promptly terminate the agreement with that Lead Generator.

## V.    CIVIL PENALTY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $14,472,112 is entered in favor of the Commission against Settling Defendants, jointly and severally, as a civil penalty.

B.    Settling Defendants are ordered to pay to the Commission $500,000, which, as said Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 30 days of entry of this Order by electronic funds transfer in accordance with instructions to be provided by a representative of the Commission upon the Court's issuance of this Order.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. The Financial Statements of Individual Defendant Robby Stempler signed between September 24, 2024 and October 30, 2025, including all attachments;

2. The Financial Statements of Corporate Defendants Behavioral Healthcare Group of America, LLC, JHEL Holdings, LLC, and Malibu Detox, LLC, signed by Robby Stempler on September 20, 2024, including all attachments; and

3. The sworn statement of Individual Defendant Robby Stempler dated February 9, 2026 and additional documentation and information submitted by Defendants' counsel to Commission counsel between September 20, 2024 and November 13, 2025 via email or SFTP, including all attachments, and including all materials resubmitted on January 12, 2026 and February 8, 2026, as detailed in the sworn statement of Individual Defendant Robby Stempler dated February 9, 2026, including personal and corporate bank account statements, individual and corporate tax returns, corporate balance sheets, general ledgers, profit and loss statements, documentation concerning the purchase and sale of certain assets, loan documentation, and other personal and corporate records.

D. The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations

9

identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI.  ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.  Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.  Settling Defendants agree that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Settling Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D.  Each Settling Defendant acknowledges that Settling Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification

10

Number ("TIN"), including all TINs that Settling Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

## VII.   CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.   disclosing, using, or benefitting from information concerning any person who has sought facility-based SUD Treatment Services from or through any Settling Corporate Defendant, or on whose behalf such treatment was sought, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to such person's account (including a credit card, bank account, or other financial account), that any Settling Defendant obtained prior to entry of this Order, unless the person obtained facility-based SUD Treatment Services from Settling Defendant Malibu Detox, LLC; and

B.   failing to destroy such information in all forms in their possession, custody, or control within 30 days after entry of this Order, except where the information concerns a person who obtained facility-based SUD Treatment Services from Settling Defendant Malibu Detox, LLC.

*Provided, however*, that the foregoing information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.    COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendants must provide truthful and complete information, evidence, and testimony.  Settling Individual Defendant must appear and Settling Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

A.    Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, Settling Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees

having managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling

13

Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Settling Individual Defendant must (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Settling Individual Defendant performs services whether as an employee or otherwise and any entity in which Settling Individual Defendant has any ownership interest; and (c) describe in detail Settling Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Settling Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b)

14

title or role in any business activity, including any business for which Settling Individual Defendant performs services whether as an employee or otherwise and any entity in which Settling Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Behavioral Healthcare Group of America, JHEL Holdings, Malibu Detox, and Robby Stempler, Matter No. X250034.

## XI.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for

10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Corporate Defendants in connection with the promoting or offering for sale of any good or service and Settling Individual Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.     Accounting records showing the revenues from all goods or services sold;

    B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

    C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.     A copy of each unique advertisement or other marketing material.

## XII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

    A.     Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30

(including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Individual Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED** this ___27th___ day of ____February_____, 2026.

_____
HON. MATTHEW J. MADDOX
UNITED STATES DISTRICT JUDGE

17

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Date: 2-27-2026

ELIZABETH JONES SANGER
STACY N. CAMMARANO
ROBERT VAN SOMEREN GREVE
TIFFANY M. WOO
Attorneys, Division of Advertising Practices
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
Tel: 202-326-2757, -3308, -2523 -3583
Fax: 202-326-3259
esanger@ftc.gov
scammarano@ftc.gov
rvansomerengreve@ftc.gov
twoo@ftc.gov

**FOR DEFENDANTS:**

*Svetlana Gans*

Date: 2/13/2026

SVETLANA S. GANS, ESQ.
GUSTAV EYLER, ESQ.
Gibson Dunn
1700 M St., N.W.
Washington DC 20036
SGans@gibsondunn.com
GEyler@gibsondunn.com
COUNSEL for Robby Stempler, Behavioral Healthcare Group of America, LLC, JHEL
Holdings, LLC, and Malibu Detox LLC

**DEFENDANTS: Robby Stempler, Behavioral Healthcare Group of America, LLC, JHEL
Holdings, LLC, and Malibu Detox, LLC**

Date: 02/13/2026

Robby Stempler

INDIVIDUALLY AND AS AN OFFICER [OR MEMBER] OF BEHAVIORAL
HEALTHCARE GROUP OF AMERICA, LLC, JHEL HOLDINGS, LLC, AND MALIBU
DETOX LLC